IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| GINGER L. EDWARDS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:23-cv-00950-O-BP |
| | § | |
| CIA AGENT "TOM," | § | |
| | § | |
| Defendant. | § | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to Special Order 3, this case was referred to the undersigned for pretrial management on September 15, 2023. ECF No. 5. Before the Court is Plaintiff's Complaint filed on that same date. ECF No. 1. Plaintiff has sued Defendant alleging wrongful acts against her and seeking $40 million in damages. *Id*. It appears to the Court that the Plaintiff has failed to allege any facts that would permit the Court to exercise subject-matter jurisdiction over the case. By its Show Cause Order dated October 5, 2023, the Court noted that it appeared that it lacked subject-matter jurisdiction and ordered Plaintiff to file a response on or before October 19, 2023 establishing that this Court has subject matter jurisdiction over this case. ECF No. 8 at. 3. The Order warned Plaintiff that "failure to comply with this order may result in a recommendation that plaintiff's case be dismissed without prejudice for lack of subject matter jurisdiction." *Id.* Plaintiff did not respond to the Court's Order.

Because Plaintiff is proceeding *in forma pauperis*, her complaint is subject to *sua sponte* dismissal if it "is frivolous or malicious" or "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(i)-(ii). A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see also Brewster v. Dretke*, 587

F.3d 764, 767 (5th Cir. 2009). A complaint lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Neitzke*, 490 U.S. at 326–27; *Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999). And to state a claim upon which relief may be granted, a complaint must plead "enough facts to state a claim to relief that is plausible on its face" with enough specificity "to raise a right to relief above the speculative level[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007).

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). District courts "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). A federal court has an independent duty, at any level of the proceedings, to determine whether it properly has subject-matter jurisdiction over a case. *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative even at the highest level."); *McDonal v. Abbott Labs.*, 408 F.3d 177, 182 n.5 (5th Cir. 2005) ("[A] federal court may raise subject matter jurisdiction *sua sponte*."). A court will not assume it has jurisdiction. Rather, "the basis upon which jurisdiction depends must be alleged affirmatively and distinctly and cannot be established argumentatively or by mere inference." *Getty Oil Corp. v. Ins. Co. of N.A.*, 841 F.2d 1254, 1259 (5th Cir. 1988) (citation omitted).

A federal court has subject-matter jurisdiction over civil cases "arising under the Constitution, laws, or treaties of the United States," and civil cases in which the amount in controversy exceeds $75,000, exclusive of interest and costs, and diversity of citizenship exists between the parties. 28 U.S.C. §§ 1331–1332. "[S]ubject-matter jurisdiction cannot be created by waiver or consent." *Howery*, 243 F.3d at 919. Absent jurisdiction conferred by statute or the

Constitution, the federal district court does not have the power to adjudicate claims and must dismiss an action if subject-matter jurisdiction is lacking. *Id.*; *Stockman v. Fed. Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998) (citing *Veldhoen v. United States Coast Guard*, 35 F.3d 222, 225 (5th Cir. 1994)). Dismissal for lack of subject matter jurisdiction should be without prejudice because it "is not a determination of the merits and does not prevent the plaintiff from pursuing a claim in a court that does have proper jurisdiction." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (citing *Hitt v. City of Pasadena*, 561 F.2d 606, 608 (5th Cir. 1977)).

Here, Plaintiff has not "affirmatively and distinctly" alleged facts showing how the Court has jurisdiction over the case. On the face of the complaint, there are no facts to establish whether the Court has federal-question jurisdiction under 28 U.S.C. § 1331. Nor has Plaintiff affirmatively pleaded her citizenship or the citizenship of the Defendant. Plaintiff's Complaint indicates that she resides in Texas, and her civil cover sheet reflect that she and the Defendant reside in Tarrant County, Texas. *See* ECF No. 1 at 1, 8. But it is not clear whether the parties are citizens of Texas.

Because Plaintiff is proceeding *pro se*, the Court granted her an opportunity to address these concerns and explain the basis of the Court's subject-matter jurisdiction. *See* ECF No. 8. The Court cautioned Plaintiff that not complying with its Order might result in a recommendation that her case be dismissed for lack of jurisdiction. *Id.* Plaintiff did not provide an explanation of the jurisdictional basis of her Complaint as ordered by the Court.

After considering the pleadings and applicable legal authorities, the undersigned **RECOMMENDS** that United States District Judge Reed O'Connor **DISMISS** this case **without prejudice** for lack of subject-matter jurisdiction.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within fourteen days after being served

with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

**Signed** on November 1, 2023.

_____
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE